# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

CARI L. CASTO,
**Claimant Below, Petitioner**

**FILED**

**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-480**     (JCN: 2021009983)

PEPPERMINT CREEK, LLC,
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Cari Casto appeals the November 6, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Peppermint Creek, LLC ("Peppermint Creek") timely filed a response.[1] Ms. Casto did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied a Diagnosis Update requesting that cervical radiculopathy be added to the claim.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Casto filed a workers' compensation claim for an injury that occurred on November 17, 2020, while she was working as a manager in a restaurant. Ms. Casto completed an Employees' and Physicians' Report of Injury on November 17, 2020, in which she claimed that she injured her back while lifting sanitizer out of a sink and placing it on the floor. Ms. Casto reported that after she placed the sanitizer on the floor, she could not stand up. The physicians' section of the claim form, completed at Jackson General Hospital, on the day of the injury, listed the diagnoses of lumbar strain and lumbago with sciatica as a result of an occupational injury. The medical record from Jackson General

---

[1] Ms. Casto is represented by Edwin H. Pancake, Esq., Maroney, Williams, Weaver & Pancake, PLLC. Peppermint Creek is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq., Jenkins Fenstermaker, PLLC.

[2] On appeal, Ms. Casto only asserts error in the Board's failure to rule cervical radiculopathy compensable. In addition to denying cervical radiculopathy in the claim, the claim administrator also denied the following secondary conditions: cervical degenerative disc disease, cervicalgia (neck pain), and thoracic degenerative disc disease.

Hospital dated November 17, 2020, reveals that Ms. Casto was seen for low back pain that began when she reached for a bucket at work. A lumbar spine CT revealed multilevel degenerative spondylosis. By order dated January 6, 2021, the claim administrator held the claim compensable for lumbar sprain.

Ms. Casto received physical therapy from January 7, 2021, to January 15, 2021. On January 7, 2021, Ms. Casto told the therapist that she still had back pain, but that the pain had gone into her neck, and she experienced numbness in two fingers (in each hand) when she raised her arms. Later physical therapy notes reflect treatment directed at Ms. Casto's cervicothoracic and cervical spine areas. On January 13, 2021, Ms. Casto reported aching between her shoulder blades.

On February 4, 2021, Timothy Metzger, D.O., examined Ms. Casto in a follow up visit regarding her back. Ms. Casto told Dr. Metzger that she had nine physical therapy visits and that several hours after the therapy, her pain would increase. Dr. Metzger assessed neck pain, lumbago with sciatica, and intervertebral thoracic disc disorder with radiculopathy. On May 18, 2021, Dr. Metzger again examined Ms. Casto, focusing on her carpal tunnel syndrome; a possible carpal tunnel release was discussed.

A cervical MRI performed on March 17, 2021, revealed no significant disc herniation or spinal canal or neuroforaminal stenosis. A small central disc protrusion was present at C5-C6, but no significant sequela was found.

Galal Gargodhi, M.D., examined Ms. Casto on March 29, 2021, for her neck, mid-back, and low back pain. Normal range of motion was noted in the cervical and thoracic spine. Dr. Gargodhi reviewed a lumbar MRI, lumbar CT, thoracic MRI, and a cervical x-ray performed on February 18, 2021. Dr. Gargodhi determined that mild facet arthropathy seen in the lumbar MRI was likely the source of Ms. Casto's back pain. Although Dr. Gargodhi noted cervical radicular symptoms, he commented that he did not have the cervical MRI. However, Dr. Gargodhi indicated that Ms. Casto's sensory and motor functions were intact. Dr. Gargodhi determined that Ms. Casto's thoracic pain likely was due to a combination of myalgia, degenerative changes, and multilevel spinal stenosis. Dr. Gargodhi assessed the following conditions: lumbar radiculopathy, cervical radiculopathy, lumbar degenerative disc disease, thoracic degenerative disc disease, thoracic spinal stenosis, cervicalgia, myalgia, and a work related injury. Trigger point injections in the cervical and thoracic paraspinal muscles were scheduled and later administered to Ms. Casto's cervical spine on May 24, 2021. Dr. Gargodhi diagnosed bilateral neck myalgia.[3]

---

[3] We note that Peppermint Creek's Appendix includes a medical report of Dr. Gargodhi dated August 11, 2021, which does not appear to have been in the Board's record. Therefore, we will not consider it in this appeal. *See* Rules of Appellate Procedure 7(C)(2), which provides that the appendix "must contain a certification page…[that] must certify

On January 16, 2023, Prasadarao B. Mukkamala, M.D., performed an independent medical examination ("IME") of Ms. Casto, whose chief complaints were numbness in her right hand, restlessness in the right leg, and pain between her shoulder blades and low back. Dr. Mukkamala acknowledged that the claim was ruled compensable for a lumbar strain and found that Ms. Casto had reached maximum medical improvement from her injury. Dr. Mukkamala assigned 5% whole person impairment to the compensable low back injury.

On January 4, 2024, Ms. Casto saw Casey Brunetti, PA-C, at WVU Medicine Pain Management regarding her neck and shoulder pain. PA Brunetti noted that Ms. Casto was last evaluated at the clinic in September of 2021 and that Ms. Casto had been treated for neck pain. PA Brunetti noted that Ms. Casto was first evaluated at the clinic in March of 2021 for the chief complaint of neck pain and numbness/tingling in her right upper extremity and pain in her mid-thoracic area. Cervical spine trigger point injections were provided in March of 2021. Further, PA Brunetti noted that cervical injections were again provided to Ms. Casto in September of 2021. At the January 2024 visit, PA Brunetti completed a Diagnosis Update requesting the following conditions be added to the claim: cervical radiculopathy, cervical degenerative disc disease, cervicalgia (neck pain), and thoracic degenerative disc disease. PA Brunetti noted that clinically, Ms. Casto's presentation and physical exam were consistent with radiculopathy and that she had been treated at the clinic for neck and upper back pain.

By order dated February 15, 2024, the claim administrator denied PA Brunetti's request to add cervical radiculopathy, cervical degenerative disc disease, cervicalgia (neck pain), and thoracic degenerative disc disease to the claim as compensable conditions. The claim administrator found that the conditions were not causally related to the occupational injury. Ms. Casto protested this order to the Board.

Ms. Casto testified in a deposition on July 10, 2024. Ms. Casto testified that while cleaning out an ice cream machine at work, she lifted a bucket from a sink to place it on the floor when she experienced pain and could not move her right leg. Ms. Casto testified that she went to the emergency room and explained that her main concern was her leg, but that she also had pressure in her shoulder blade area. Following the emergency room visit, Ms. Casto said that Dr. Metzger assumed her treatment for the injury. Dr. Metzger, Ms. Casto noted, referred her for additional testing and treatment, such as imaging, trigger point injections, and physical therapy related to her neck and shoulder area. Ms. Casto further noted that she received preauthorization from the claim administrator before she saw Dr. Gargodhi for pain management. Also, Ms. Casto testified that physical therapy for her neck and shoulders was approved by the claim administrator. Thus, Ms. Casto said that she assumed that her back and neck were included in the claim until Dr. Mukkamala informed

that: a) the contents of the appendix are true and accurate copies of items contained in the record of the lower tribunal...."

her otherwise. Ms. Casto also testified that she had no prior accidents or injuries to her low back, neck, mid-back, or shoulders. Although Ms. Casto acknowledged that sometime between 2005 and 2009, she had chiropractic treatment for her neck, she testified that since that time she had not had any ongoing neck problems or any injury to her neck, shoulders, or mid back.

By order dated November 6, 2024, the Board affirmed the claim administrator's order dated February 15, 2024. The Board found that Ms. Casto did not establish that the requested conditions are causally related to the compensable injury or to the events which caused the compensable injury. Ms. Casto now appeals the Board's order to the extent that the Board did not rule cervical radiculopathy to be a compensable condition in the claim.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Casto argues that the Board's order contains reversible error in that it affirmed the claim administrator's denial of her request to add cervical radiculopathy to the claim, even though the evidence substantiates the inclusion of the condition and thus, the Board's order is not supported by the reliable evidence of record. Ms. Casto asserts that treatment for her neck and upper back was authorized in the claim. Therefore, while only a low back diagnosis was included on her original claim form, she reasonably assumed that her neck and upper back were also compensable. The first time she became aware that her neck was not compensable was on January 16, 2023, when Dr. Mukkamala informed her that only her lumbar spine was covered in the claim. Following his evaluation, Ms. Casto

4

said she sought to have her neck condition, specifically cervical radiculopathy, added to the claim.

Ms. Casto acknowledges that compensability in a workers' compensation claim requires three elements to coexist: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Ms. Casto argues that her description of the injury and her resulting symptoms confirm that she suffered a cervical spine injury in addition to her lumbar spine injury. Further, Ms. Casto contends that the claim administrator's failure to include the cervical spine in the initial compensability order was "an error and mere technicality" or an oversight, and that the Board committed reversible error in finding that she did not satisfy her burden of proof that cervical radiculopathy should be ruled compensable. Ms. Casto argues that the claim administrator's initial oversight of a cervical spine injury should not now act as a bar to her receiving proper medical treatment and an evaluation of her cervical spine. We disagree.

The Board was not clearly wrong in determining that Ms. Casto did not establish by a preponderance of the evidence a causal connection between the work activity and the alleged injury. The Board noted Dr. Gargodhi's and PA Brunetti's assessments of cervical radiculopathy, but found that Dr. Gargodhi found normal sensory and motor functions, and PA Brunetti failed to report findings of sensory or motor function. The Board also noted that the cervical MRI did not reveal significant disc herniation or cord compression.

The Board mentioned the standards set forth by the Supreme Court of Appeals of West Virginia in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), and *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). The Board noted that in *Gill*, the Court held that:

> [a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id*. at Syl. Pt. 3.

Further, the Board noted that the Court clarified its position in *Moore*, holding as follows:

> A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting

5

disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Id.* at Syl. Pt. 5.

In the instant case, the Board determined that the cervical MRI performed on March 17, 2021, revealed only mild degenerative changes without significant disc herniation or cord compression. Thus, the Board determined that the medical evidence fails to establish that the requested conditions, such as cervical radiculopathy, are causally related to the compensable injury.

We do not find that the Board erred in affirming the February 15, 2024, order that denied the compensability of cervical radiculopathy. The Board's order is supported by substantial evidence. As set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). Based on the foregoing, we conclude that the Board's order is supported by substantial evidence.

Accordingly, we affirm the Board's November 6, 2024, order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White